**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT STURGIS,

        Petitioner,

  vs.

A. P. KANE, Warden,

        Respondent.

                                        /

No. C 06-0300 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent filed a motion to dismiss on grounds the petition is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Petitioner has filed an opposition in which he explains why he believes the case is not barred, and respondent has filed a reply. The motion is ready for decision.

**DISCUSSION**

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). Here petitioner alleges various violations of his rights in the governor's reversal of the parole board's grant of a parole date. The statute of limitations therefore began to run on the date of the governor's reversal, which date petitioner does not dispute was September 27, 2002.

Petitioner filed his first state habeas petition directed to the governor's decision in superior court on July 9, 2003, almost nine and half months after the governor's decision. The California Supreme Court denied his last petition on July 27, 2005. He did not file this petition until January 17, 2006; that is, nearly six months after tolling ended, and fifteen months of untolled time after the governor's reversal.

Petitioner's argument against this result is foreclosed by *Redd*. The petitioner in *Redd* argued, as petitioner seems to do in his opposition here, that the limitations period for a federal habeas petition directed to parole denial should start running on the date state collateral review is completed. *Id.* at 1082. The *Redd* court rejected that argument, concluding, as noted above, that the start of the limitations period for a challenge to parole denial is to be determined according to subsection (D) of 28 U.S.C. § 2244(d)(1); that is, the limitations period begins to run when the factual predicate of the claim could have been known to the prisoner in the exercise of due diligence; in the case of a parole denial, that date is when the prisoner knows that all administrative remedies have been exhausted. *Id.* The court rejected Redd's argument that the limitations period should begin with completion of state exhaustion so as to keep the federal limitations period (one year) from restricting the California state limitations period ("reasonable time"), saying that congress clearly intended claims such as this to begin when the facts giving rise to it are discovered, and that it is not unduly burdensome to require prisoners to get state habeas proceedings on

2

file within the one-year federal limitations period. *Id.* at 1083-85. Because a properly-filed state application for collateral relief tolls the statute of limitations, *see* 28 U.S.C. § 2244(d)(2), filing for state habeas relief within the federal limitations period ordinarily would prevent a subsequent federal petition being barred. *Id.* 1084-85.

*Redd* establishes that petitioner's opposition argument is without merit. The motion to dismiss will be granted.

## CONCLUSION

Respondent's motion to dismiss (document number 6 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\STURGIS300.MDSS-SL

3